Good morning, if it will please the court, Gabriel Leyva on behalf of the petitioner Marco Bracamonte-Palma. Loper Bright Enterprises really gave all of the parties a lot to think about on this case because the driving argument of the respondent is that matter of shock to him is outside the bounds of the language of the INA when reviewing whether or not his conviction for interfering with the judicial process qualifies as a disqualification for cancellation removal under 1227A2EII. Now following that, there are three main points I want to make. The abshocto analysis is not authorized by the INA. The categorical analysis is the stare decisis of this court and the focus must be on court determinations. So the rule is following the statutory language of the INA. Now previously, and going way back, because of Loper Bright, there's Diaz-Carrasco that reviewed under Brand X and Chevron Deference saying, okay, the categorical analysis no longer applies because the agency says it shouldn't apply and they have a different way of going. But if we go prior precedent was, I hope I'm saying this right, Salai Beholder, which is Alvarado v. Holder, 558F.38332009, was argued both at the immigration court level and to the BIA as being the correct analysis to apply in this case. And that's what the Ninth Circuit had held previously prior to you. Sotomayor Let's just look at the statutory text because normally the trigger for the offense, and an offense is normally defined by its elements. So if Congress says conviction for an offense, that means we look at the offense and the elements. That's not what you see when you look at this clause is rather we see whom the court determines has engaged in conduct, which says not looking at elements, but what did he do in the specific facts of the case? It seems the language seems to point exactly away from the categorical approach. Salai Beholder Well, there's firstly to be disqualified for the relief that he was seeking. It says it must be a conviction under 212A2 or 237A2. Now going then to the next level to 1227A23, there is a prior Ninth Circuit provision to President Gonzales v. Ashcroft, and basically that found that there was language in there that says that the violation of the restraining order must be after an admission. And so this court basically said, oh, well, that doesn't matter. I disagree with that, but because the respondent is only inadmissible rather than deportable. But they already went to that. They said this is a conviction. We have to review it like a conviction. So under that analysis, that's why the court initially applied the categorical analysis, because based on the disqualifying language of 240AB, it says that it needs to be a conviction. So then we move on to the next part of that. And the relevant language here is 1227A2E2. Yes. Right? And that doesn't say conviction, does it? No. It's modified by 240AB, which requires it to be a conviction. How is it modified by that? I don't see that. It has no cross-reference. It just says an alien who at any time after admission isn't joined under protective order and then engages in certain conduct. That's what it describes. There's two portions of the statute that support my argument. Number one, it says court determines. So that means it's telling the reviewer to look at the court determinations. And that has to go directly to the record of proceeding. That's the only way you can get the information for a court determination. That's different from the categorical approach argument. I'm just trying to understand if we're supposed to look at this issue again afresh after Loperbright, I just don't see where in the statutory language that we have to apply here that it's an instruction to apply the categorical approach. It seems to be the opposite. Going all the way back to Taylor and Shepard, there was never any statutory language that said this is a categorical analysis. It's a creation of the Supreme Court. And the whole purpose is to take any biases of the courtroom out of the analysis to determine as a legal matter whether or not a person is qualified. And those cases had to do with the sentencing guidelines for immigration in which it's applied whether or not somebody is deportable or admissible or eligible. And so I'll go back to the requirements of 240AB is that it's, well, you have to have the 10 years. You have to be a person of good moral character. You cannot have any disqualifying convictions. And it says conviction. So that portion is what we're trying to determine if his conviction would disqualify him from arguing that it would cause his children hardship if he were deported from the United States. So I think that part of the law is Congress saying to the court, look at the conviction. Now it's up to the court to decide if the best way to determine whether or not his conviction is a disqualifying one is the categorical analysis because there is a long line of stare decisis there in order to avoid the review of evidence that may be come up for re-litigation. And the immigration court is not there to re-litigate all of the things that happen in a criminal court or a civil court. Their only job is to determine whether or not he's eligible. So on that basis, OB-SHOCTO comes up with its own analysis that just says probative and reliable. So if the court were to follow OB-SHOCTO, our argument is that the agency did not follow its own rule of reviewing probative and reliable evidence because they did no analysis of whether or not the facts that they were using were probative and reliable. So there's another level to this that is important, the violation of the restraining order or under Arizona law is interfering with judicial proceedings. Under the definition of domestic violence offense, they have violence, repeated harassment. They also include things like criminal damage and disorderly conduct. And finally, one of those things on the list says interfering with judicial proceedings. If we look at the statute of interfering with judicial proceedings, it does not require that you violate any specific portion of a restraining order. It just says that you just have to disobey or resist. As a matter of fact, from this case, the petitioner specifically told the police, I am not accepting service, I didn't sign it, I'm not acknowledging the validity of this order. So his actual violation of the restraining order was his resistance to it, not violating any part of anything that protected the protected person. And going back to the court documents, in the signed plea and sentencing, it only notes Anna Murrieta as a protected person, and that's what it was intended for. If the court is going to review, under OBSHAC II, whether or not the evidence is reliable, that police report states that he didn't go to her residence, he had no contact with her, and he once again kept saying that he didn't acknowledge the validity of the order. Do you agree that a violation of the no contact requirement in the order at issue here counts as a portion of a protective order that involves protection against credible threats of violence, repeated harassment, or bodily injury? If the violation was that he contacted Anna Murrieta, he did not contact her. I just want to say that, in the end, we're relying on the statutory language. And the theme of the Supreme Court recently in reviewing also immigration cases is to go to the plain language of the statute. It says court determination in there about a violation of a portion that was intended to protect, in this case, Anna Murrieta. The problem with OBSHAC II is it takes the focus off of the actual court documents and the conviction and the court determinations. It puts the focus on any other type of evidence that may be submitted. And this is important with Maria Elena, I can't say that word, Maria Elena and also Pereira. That they're basically saying, look, we have the burden. And in this case, I think the petitioner did a pretty good job. He got all the police reports. He got everything. He submitted it all. Now the government points out, well, if he didn't like that, he shouldn't have submitted it. He doesn't have a choice anymore. That's what he has to do. So then it's on the court to go through that information to make proper and fair determinations about it. And here, they skip straight to the information that they think supports that he violated that restraining order and overlook all other information within that record of proceeding. And that's why I'm saying that OBSHAC II is overly broad and not authorized by the statute that specifically says you must consider the court determinations instead of us arguing constantly about what is in the police report. So for that reason, it has to be remanded. I would say that the court needs to find that they're not bound by OBSHAC II because DS-Cudrasco is specifically, it specifically turns on Brand X. And Brand X is no longer needed anymore and no longer useful. And the prior stare decisis before that Brand X decision giving deference to the agency was Alanis Alvarado, was Salai. And both of those applied the categorical analysis. So I think the proper thing to do is to apply that stare decisis, send it back to the agency in order to apply that proper analysis for further consideration. Even if the statute doesn't require conviction? In this case, yes, because to show eligibility, we're dealing with a conviction, a requirement of a conviction. Now there is this other side of it, OBSHAC II did state, look, Nia Wajan, which is a Supreme Court case that goes to the issue of circumstance-specific review of a conviction. Because they said in that case, I think it had to do with the $10,000 limit on fraud. And so they said, well, it's not an element of the conviction, so we have to look to that. And Congress put specifically the $10,000 thing about fraud. But OBSHAC II also didn't go down that route either. So I don't know where they can say, there's two different analysis that you use in order to determine whether or not it's a disqualifying conviction. One is a categorical analysis, and then the Supreme Court also laid out the circumstance-specific analysis. They didn't use either, they just came up with their own. And I don't know where they get that from, it's just probative and reliable. And if that is the case, they need to do a proper analysis to give full respect to the entire document to determine whether or not the things they're relying on are actually probative and reliable, which is an issue with domestic violence issues, because there is a lot that can be said and done in police reports, so. So if we're on de novo review and we're not affording brand X deference or Chevron deference, then de novo, we interpret the statute and decide what meets the statute. Would you agree? Yes. Thank you, I'll reserve any time if necessary. Good morning, and may it please the Court. My name is Catherine McKinney, and I represent the Respondent, Attorney General Merrick Garland, in this matter. Your Honors, this Court should deny the petition for review. Following the approach endorsed by the Court in Diaz, the agency correctly concluded that the petitioner was convicted of violating a protective order. This order is prescribed in 8 U.S.C. section 1227 A2EII. And just to turn quickly, I guess, to the crux of the matter today, which is the impact of Loeber-Bright, this Court has already decided in Diaz that the matter of Upshot Co framework applies to this determination. So that's a precedential decision of this Court that is binding on the party's pursuance. It's a little bit odd, because he's saying we actually had prior authority that went the other way, and then we acquiesced in basically the agency's overruling of our precedent under Brand X. And now that the whole regime is up in the air, why shouldn't we be required to go back to our prior law? So this isn't, I mean, I've written an awful lot into one sentence of Loeber-Bright that says to apply statutory stare decisis. And if we apply statutory stare decisis here, in light of Brand X's and Chevron's overruling, where does that take us? So it's not just a matter of looking at one sentence in Loeber-Bright. In Loeber-Bright, we overruled Chevron, but then they made clear that the decisions relying on Chevron were not to be called into question merely because of Loeber-Bright. And that's the only thing we have here. The Petitioner notes that in this case, it's not just a matter of Upshot Co, which was construing 122A2EII, but here we also have the removability, the fact that the statute says removal, which requires him to show that he hasn't been convicted of an offense described under, and somehow that that's a special justification for looking at this matter anew. But that was precisely what was before the court in Diaz. The court in Diaz, when they found ambiguity in the statute, it was between the fact that there was a requirement of a conviction in the provision of the statute where the applicant has to show eligibility for cancellation of removal. Sotomayor, you say Diaz, are you saying Diaz-Carrasco? Correct, yes, correct. Walk me through, just say we were, hypothetically, we had a clean slate and we're just trying to put the pieces together. You know, his response to my pointing out that the language of, you know, E2 talks about conduct was, well, we're not in E2 because of removability, we're in E2 because it's cross-referenced as a disqualification in cancellation, and the cross-reference requires conviction of an offense, which is the, that's the buzzword that normally lands us in the categorical approach. So what's your response to his argument that maybe this isn't categorical when it's a removability issue, but when it's borrowed into cancellation, it gets this sort of filter of the categorical approach? Yes, Your Honor. So the government's response to that is we respectfully disagree with Petitioner about the impact of Loeb or Bright. I do think that that, all of those issues were squarely at issue with Diaz. That's called fighting the hypothetical. The hypothetical is we are on a clean slate and I'm trying to read these words. Tell me how you think these words fit together in a way that doesn't land us in the categorical approach. So the conviction for immigration purposes is what we have in the cancellation provision. An applicant for cancellation removal has to show that they do not have a conviction for an enumerated offense. And what the agency decided in Jimenez, I believe it's Mendez-Jimenez, there was that language didn't change the Abshakko analysis for violations of protection orders, that a conviction for immigration purposes means a formal determination of guilt, which he doesn't dispute here. Suppose that in this case, it wasn't a conviction of guilt, but it was a civil finding and say, you know, a civil finding of violation of the order with a civil fine. Would that qualify as defeating cancellation of removal? So what the agency has said in the Mendez-Jimenez decision is that for immigration purposes, it doesn't have to be a criminal conviction. The statute doesn't specify criminal conviction. We just need a conviction for immigration purposes, which is a formal adjudication, which we have here clearly. But what about for purposes of – purposes of cancellation, which says crime? So for purposes of cancellation, we have to have a conviction for immigration purposes, which he has not disputed that exists in this case. No, I understand on these facts. It is – For an enumerated offense. And then when you look to enumerated offense, then we go to the – for a formal adjudication with a formal finding and a civil fine. That that would have made them removable, but it would not have disqualified for cancellation because it's not a crime. No, that's not what I'm saying. I'm saying that an applicant for cancellation removal has to show that they have not been convicted of an enumerated offense. When we're looking at the enumerated offenses, then the abshotco analysis applies to this particular ground. When we're looking at whether or not there's a conviction, the agency has applied the framework from Medina Jimenez to determine what's a conviction. And there, you'd be looking at the agency definitions of conviction, which is adjudication of guilt. They haven't required it to be a criminal conviction. But again, not at issue in this case. There are three requirements here. One is a conviction. The second requirement is that there was a protection order issued for purposes of preventing violent or threatening acts of domestic violence, which also does not dispute here. And the third requirement is whether or not the state court has determined that the applicant is engaged in conduct that violates a portion of the protection order that involves protections against credible threats of violence. That's the only component that's actually at issue here. But just to loop back to the Loeb or Bright issue here, the Diaz court already decided this issue in the same context. We had a cancellation application and this ground of removability with respect to the offense that they had to show. So stare decisis would apply. It was the exact same issue there. The court there deferred to the agency's interpretation of the statute, both how the interplay between those two provisions. But the court in Diaz also said that that was a reasonable and consistent interpretation of the statute there. And just to note that the courts that have looked at it de novo, because I know the question is, what if this court were looking at it de novo? It's the government's position that we're not, that stare decisis applies. But the courts that have looked at it, the Second Circuit, for example, that case is cited in the government's brief on page 24, the Alvarez case. In that case, the Second Circuit was looking at this fresh and they also found that the categorical approach did not apply in this context. Without deferring to the agency's decision, they just agreed that that was the result. And then the board, when they decided this, in matter of Upshot Co. and matter of Medina Jimenez, was looking to a Seventh Circuit decision that similarly, without deference, also found that the categorical approach didn't apply in this context. So it's the government's position that stare decisis applies and that the framework the agency employed in Upshot Co. and Medina Jimenez that was approved by this court in Diaz applies. And that it's also the government's position that Petitioner hasn't met his burden of proving his eligibility for cancellation of removal. As the government noted here, the complaint was filed charging the Petitioner with interference with judicial proceedings for violation of a protective order that was noted the specific number of the protection order and the date of the offense. Then we looked to the police report from that same day, which is consistent with the complaint. It lists the same number for the protection order. And there, if we look to the police report, it does actually specify that the non-citizen here, the applicant for cancellation of removal, reported to a protected location and engaged with a protected person. And it's the government's position that this conduct then is similar to conduct in other cases that is found to be in violation of a stay-away or a no-contact provision that would then fall within the ambit of Section 2EII. And so for those reasons, the government requests that the court affirm the agency's decision and deny the petition for review. If there are no further questions? It appears not. Thank you, counsel. Thank you. Rebuttal? Unless the panel has any questions, I'll rest on what was stated. All right. Thank you, counsel. Thank you. Thank you to both counsel for your helpful arguments. The case just argued is submitted for decision by the court. That completes our calendar for the morning. We are in recess until 9.30 a.m. tomorrow morning. All rise.  This court for this session stands adjourned.
judges: RAWLINSON, COLLINS, Fitzwater